786 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
THEODORE GRANT, Plaintiff-Appellant,
v.
PHYLLIS PENNINGTON AND SECOND SHIFT NURSING STAFF AT MORGAN
COUNTY CORRECTIONAL FACILITY, Defendants-Appellees.
 85-5970
 United States Court of Appeals, Sixth Circuit.
 2/11/86
 
 1
 E.D.Tenn.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: KEITH and CUY, Circuit Judges, and TAYLOR, District Judge*.
 
 
 3
 This matter is before the Court on appellant's motion for appointment of counsel on appeal from the dismissal of his prisoner civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and appellant's informal brief, this panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Appellant, an inmate at the Margan County Regional Correctional Facility, Tennessee, filed a complaint on April 18, 1985, in which he alleged that he had been denied medical treatment by the personnel at the prisoner's clinic on March 25, 1985 for 'ear pain.' He further alleged that the defendants were engaged in a systematic effort to deprive him of his constitutional rights.
 
 
 5
 The defendants, Phyllis Pennington, a clerk at the prison clinic, and the second shift nursing staff of the prison clinic, answered the complaint by denying that they had denied appellant medical treatment and sought to have the action dismissed for failure to state a claim upon which relief could be granted. Defendant Pennington then filed a motion for summary judgment accompanied by an affidavit in which she avers that she had not been contacted by appellant regarding medical treatment and that she did not deny him medical treatment. Defendants second shift nursing staff then filed a motion to dismiss or for summary judgment accompanied by affidavits which establish that appellant was treated for chemical burns on the scalp and benind his ear resulting from the use of hair relaxer. The affidavit further establishes that appellant was not denied medical treatment.
 
 
 6
 Appellant did not respond to either the motion to dismiss or the motion for summary judgment. The district court granted the defendants' motions for summary judgment and dismissed the case. This appeal followed.
 
 
 7
 The district court properly granted summary judgment since appellant failed to file any responsive documentation to the affidavits tendered by defendants. Consequently, the case was ripe for summary judgment since there was no genuine issue of material fact. Rule 56(e), Federal Rules of Civil Procedure. The documentation of record is that appellant was treated for the medical problem about which he complained on the day he presented himself to the prison clinic. That fact stands uncontroverted and appellant could not thereafter rely on his allegations to establish the existence of a genuine issue of fact. R.E. Cruise, Incorporated v. Bruggeman, 508 F.2d 415 (6th Cir. 1975); Ghandi v. Police Department of City of Detroit, 747 F.2d 338 (6th Cir. 1984). Since the uncontroverted fact of record was that appellant was not denied medical treatment, it is difficult to conclude that the appellees exhibited a deliberate indifference to a serious medical need within the meaning of Estelle v. Gambel, 429 U.S. 97 (1976). Therefore, summary judgment was properly entered.
 
 
 8
 It appears that the questions on which this cause depends are so unsubstantial as to not require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the summary judgment entered by the district court be affirmed and the motion for appointment of counsel be denied.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation